**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50357 |
| Plaintiff - Appellee, | D.C. No. 8:08-cr-00039-AG-1 |
| v. | |
| J. RANDALL ISMAY, AKA Randall J. Ismay, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted December 5, 2011
Pasadena, California

Before: B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

Defendant J. Randall Ismay appeals his conviction for the transportation of

child pornography, in violation of 18 U.S.C. § 2252A(a)(1), (b)(1), and contends

that the district court abused its discretion when it admitted online statements as

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

non-hearsay admissions of a party-opponent.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm.

Ismay asserts that the government proffered no direct evidence connecting him to the online statements, and therefore, that these statements were not properly admitted as his.

A party's statement is not hearsay when it is used against him; rather, it is an admission, a species of non-hearsay.  Fed. R. Evid. 801(d)(2).  As the proponent of the online statements, the government needed to come forward with evidence sufficient to support a finding that Ismay was the declarant.  Fed. R. Evid. 104(b); Fed. R. Evid. 901(a) advisory committee's note.  That it did.  *See United States v. Gil*, 58 F.3d 1414, 1419 (9th Cir. 1995).

Substantial circumstantial and direct evidence connects the statements in the challenged exhibits to Ismay.  His user account on his computer was password-protected.  Ismay's name matches the screen name Randall_Ismay and the e-mail addresses provided to "BradNH14," an undercover police officer.  Randall_Ismay gave BradNH14 the address to Ismay's residence, and Ismay's computer contained evidence of the child porn videos sent by Randall_Ismay.  Moreover, Ismay confessed to his mother that he was "guilty of doing things [he] should not have done."  He explained to her that he was arrested for "things [he] was doing over the

2

Internet." Ismay's conversation with his mother further supports the inference that the incriminating online statements under his name were his.

The district court did not abuse its discretion in admitting the online statements.

AFFIRMED.